**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KEITH RUSSELL JUDD., #11593-051 | * | |
| Plaintiff | * | |
| v | * | Civil Action Case No. RDB-13-636 |
| BARACK OBAMA | * | |
| Defendant | | |
| | *** | |

**O R D E R**

The self-represented plaintiff Keith Russell Judd alleges that President Barack Obama was born in Kenya and must be removed from office and replaced by Judd as President of the United States. He has neither provided the filing fee nor filed a Motion to Proceed in Forma Pauperis in this case. Upon review of the pleading, this case will be dismissed pursuant to 28 U.S.C. § 1915(g) and for failure to state a claim under 28 U.S.C. 1915(e).

**I. DISCUSSION**

A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" must be dismissed under § 1915A (b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court is required to screen initial filings, *see Eriline Company v. Johnson*, 440 F.3d 648, 656-657 (4th Cir. 2006), and "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

While this court is mindful that the pleadings of pro se litigants are liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), factual allegations in a complaint must contain "more than labels and conclusions," and the action may be dismissed if the allegations do not provide

"enough to raise a right to relief above a speculative level." *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555 (2007).

Further, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal quotation marks & citations omitted); *see also Davis v. Pak,* 856 F.2d 648, 651 (4th Cir.1988) (federal courts are precluded from exercising jurisdiction when the only federal claim is obviously meritless). Rule 12 (b) (1) of the Federal Rules of Civil Procedure authorizes a district court to dismiss a "patently insubstantial complaint ... for want of subject-matter jurisdiction." *Neitzke v. Williams*, 490 U.S. 319, 327 n. 6 (1989).[1] If at any time the court determines subject matter jurisdiction is lacking, the case must be dismissed. *See* Fed. R. Civ. P. 12(h) (3).

Judd, an inmate at the Federal Correctional Institution in Texarkana, Texas,[2] is a prolific and vexatious litigant who has filed more than 748 cases in federal courts since 1997. *See Judd v. U.S. Attorney General*, 2011 WL 1374034 (D. Me. 2011).[3] Restrictions or sanctions have been placed on Judd's abusive filings by at least six courts, including: the United States Supreme Court, *see*

---

[1] Judd's presidential aspirations were characterized by the United States District Court for the District of Columbia as the type of "fantastic or delusional scenarios" found to justify immediate dismissal of a complaint as frivolous under the holding in *Neitzke*, 490 U.S. at 327. *See Judd v. Federal Election Commission*, 2008 WL 2901643 *2 (D.D.C 2007).

[2] Judd was convicted by a jury in the United States District Court for the Western District of Texas of two counts of mailing a threatening communication with the intent to extort money or something of value, in violation of 18 U.S.C. § 876. He was sentenced to 210 months imprisonment and three years of supervised release. His conviction and sentence were affirmed on appeal. *See United States v. Judd*, 252 F.3d 435 (5th Cir. 2001). According to the Federal Bureau of Prisons Inmate Finder, http://www.bop.gov/iloc2/InmateFinder, his projected release date is June 24, 2013.
[3] Reference to the Pacer Electronic filing system reveals that Judd has filed pleadings identical to the one filed here in five other districts. *See e.g. Judd v. Secretary of State of Connecticut*, et al., Civil Case 3-11-cv-879-MRK (D. Ct.); *Judd v. Secretary of State of Missouri, et al.,* Civil Case 2-11-cv-4146-ODS (D. Mo.); *Judd v. Secretary of State of Florida, et al*., Civil Case 6-11-cv-867-ACC-KRS (M. Fla.); *Judd v. Secretary of State of Oregon, et al.,* Civil Case 6-11-cv-6176-HO (D. Or.); *Judd v. Secretary of State of West Virginia, et al.,* Civil Case 2-11-cv-369 (S.D.W.V.).

*Judd v. U.S. District Court for the Western District of Texas*, 528 U.S. 5, 5–6 (1999); the Third Circuit, *see In re Judd,* 240 Fed. Appx. 981, 982 (3rd Cir. 2007); the Fifth Circuit, *see Judd v. Fox*, 289 Fed. Appx. 795–96 (5th Cir. 2008); the Tenth Circuit, *see Judd v. University of New Mexico*, 204 F.3d 1041 (10th Cir. 2000); the United States Court of Appeals for the District of Columbia, *see Judd v. United States*, 2006 WL 1565084, at *1 (C.A.D.C. 2006); and the United States District Court for the District of Massachusetts, *see Judd v. United States*, 2010 WL 1904869, at *1 (D. Mass. 2010).

Three districts have barred Judd's filings under the "three strikes" provision set forth at 28 U.S.C. § 1915(g)."[4] *See Judd v. Federal Election Commission*, 2008 WL 2901643 (D.D.C. 2007); *Judd v. Federal Election Commission,* 2007 WL 2900514 *1 (E.D. Texas 2007); *Judd v. United States,* 2005 WL 6112661, *1, (Fed. Cl. 2005). Under these facts, Judd is barred from proceeding in the instant matter he unless he pays the full filing fee.

Even were Judd not barred from proceeding under the "three strikes" rule or had he paid the filing fee, the Complaint is subject to dismissal. A court is not obliged to ferret through a complaint, searching for viable claims. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." Factors to consider in determining if a complaint fails to comply with Rule 8(a) include the length and complexity of the complaint, *see, e.g., United States ex rel. Garst v. Lockheed-Martin Corporation*, 328 F.3d 374, 378 (7th Cir. 2003) and whether the complaint is clear enough to enable the defendant to know how to defend himself, *see, e.g., Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir. 2000). A pleading must give the court and

---

[4] The Prisoner Litigation Reform Act ("PLRA") provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915 (g). This subsection is known as the "three strikes" provision of the PLRA.

the defendant "fair notice of what that plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The instant Complaint fails to comply with any of the factors noted.

Accordingly, it is this 29th day of March, 2013, by the United States District Court for the District of Maryland hereby ordered:

1. The case is DISMISSED;

2. The Clerk SHALL CLOSE this case; and

3. The Clerk SHALL SEND a copy of this Order to Plaintiff.

/s/
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE